IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| Zachary Rusk,<br><br>    Plaintiff,<br><br>vs.<br><br>Heather Brereton,<br><br>    Defendant. | ORDER AND MEMORANDUM DECISION<br><br><br><br>Case No. 1:17-cv-148-TC |

In 2016, the Third Judicial District Court determined that pro se Plaintiff Zackary Rusk had not paid rent to his landlord. The landlord, Cowboy Properties (CP), moved for summary judgment. Judge Heather Brereton, the defendant here, granted that motion. Now Mr. Rusk invokes 42 U.S.C. § 1983 as support for his assertions against Judge Brereton. Because Judge Brereton has absolute judicial immunity from suits when acting in her official capacity as a judge, the court sua sponte dismisses Mr. Rusk's complaint.

BACKGROUND

The heart of Mr. Rusk's complaint is the following:

At a hearing around December 27th of 2016, the court, Judge Brereton noted that Rusk's claims for causes of action, cross claims, counter claims, etc., she [sic] would not entertain and that of what could be found as cognizable claims as they pertain to relevant causes of action, cross claims, counter claims, etc[.], well exceeding (in tens of thousands if not hundreds of thousands or several millions now in just compensatory damages of) [sic] what can be seen and found as the request for relief from CP.

(Cullimore Law offices – defending CP – does substantial business with this court..) [sic] this [sic] created further bias and resulted in a significant miscarriage of justice,

infringing upon due process and voiding public policy, demonstrating clear bias in the conduct of the court.

(Pl.'s Compl. ECF No. 3 "Complaint.") Additionally, Mr. Rusk moves the court to: nullify Judge Brereton's orders, void previous settlements, grant a fair hearing on his previous rent cases, issue declaratory relief, award costs of litigation, and award "other relief as [the] court deems appropriate and just." Id. at 12–13. Having reviewed the complaint, the court determines it must be dismissed.

## ANALYSIS

A court may dismiss a complaint *sua sponte* (i.e., on its own initiative) "where it is obvious that the plaintiff cannot prevail on the facts he has alleged." Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999).

> In determining whether dismissal is proper, we must accept the allegations of the complaint as true and must construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff. See Breidenbach v. Bolish, 126 F.3d 1288, 1292 (10th Cir. 1997). Further, we must liberally construe the allegations of a pro se complaint. See Haines v. Kerner, 404 U.S. 519, 520–21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

Id. Further, "[t]his broad judicial immunity extends to judicial acts done in error, maliciously, or in excess of authority." De Young v. State of Kansas, 890 F. Supp. 949, 953 (D. Kan. 1995) (sua sponte dismissing civil rights action against state trial judge because judge had absolute judicial immunity).

The Tenth Circuit has identified two exceptions to the rule of absolute judicial immunity: (1) "when the act is not taken in [the judge's] judicial capacity," and (2) "when the act, though judicial in nature, [is] taken in the complete absence of all jurisdiction." Id. (internal citations, quotation marks, and alterations omitted). Stein v. Disciplinary Bd. of Sup. Ct. of N.M., 520 F.3d 1183, 1195 (10th Cir. 2008) (internal citation and quotation marks omitted).

But neither exception applies here. All of Judge Brereton's actions were taken in her official capacity as a judge. Judge Brereton presided over Mr. Rusk's case when the allegedly unconstitutional actions occurred; she was clearly acting in a judicial capacity. And even though Mr. Rusk questions her motives for ruling the way she did, that is insufficient to allege that Judge Brereton acted in the complete absence of all jurisdiction. "[A] judge does not act in the clear absence of all jurisdiction even if the action [s]he took was in error, was done maliciously, or was in excess of [her] authority." Moss v. Kopp, 559 F.3d 1155, 1163 (10th Cir. 2009). Accordingly, Judge Brereton is absolutely immune from Mr. Rusk's claims. See Ledbetter v. City of Topeka, Kan., 318 F.3d 1183, 1189 (10th Cir. 2003) (dismissing § 1983 claim against municipal judge on absolute immunity grounds).

Regarding Mr. Rusk's entitlement to non-monetary damages, the court does not have authority to grant the remedies he seeks. First, Mr. Rusk asks the court to issue a declaratory judgment that Judge Brereton's actions violated his civil rights. But the "Eleventh Amendment 'does not allow a federal court to issue a judgment against a state officer declaring that [s]he violated federal law in the past.'" Johns v. Stewart, 57 F.3d 1544, 1553 (10th Cir. 1995) (quoting P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993)); see also Raiser v. Kono, 245 F. App'x 732, 736 (10th Cir. 2007) (citing Johns, denying request to issue declaratory judgment against state court judge).

Second, Mr. Rusk essentially requests a writ of mandamus that orders that the rulings in the state court be vacated and the issues re-tried by a different state court judge. "Federal courts have no authority to issue a writ of mandamus to a state judge." Olson v. Hart, 965 F.2d 940, 942 (10th Cir. 1992) (citing Van Sickle v. Holloway, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986)).

Furthermore, to the extent Mr. Rusk asks this court to order the state courts or other state entities to provide the mandamus-type remedy he seeks, he faces two insurmountable obstacles: neither the State of Utah nor any of its governmental agencies, such as the Utah state courts, is a named party, and more importantly, even if the State of Utah were named as a defendant, the Eleventh Amendment bars suit against the State under 42 U.S.C. § 1983.  Johns, 57 F.3d at 1552.

Given Judge Brereton's absolute immunity and the court's lack of authority to provide the remedies sought, Mr. Rusk has not stated a claim for which relief can be granted.  And it is clear that an order allowing him to amend his complaint would be futile.

ORDER

For the foregoing reasons, the court dismisses with prejudice Mr. Rusk's complaint under Federal Rule of Civil Procedure 12(b)(6).

DATED this 23rd day of October, 2017.

BY THE COURT:

TENA CAMPBELL
U.S. District Court Judge